UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.A.,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UR M. JADDOU, in her official capacity as Director of United States Citizenship and Immigration Services; and RENA BITTER, in her official capacity as Assistant Secretary of State for Consular Affairs,<br><br>　　　　　　　　　　　Defendants. | Case No.: 23-cv-01634-AJB-BGS<br><br>**ORDER GRANTING INDIVIDUAL PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY**<br><br>**(Doc. No. 2)** |

　　　Before the Court is Plaintiff N.A.'s Motion to Proceed Under Pseudonym. (Doc. No. 2.) Defendants have not responded to these motions, and the Court therefore finds them **UNOPPOSED** pursuant to Civil Local Rule 7.1(f)(3)(c). For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Proceed Under Pseudonym.

　　　District courts have broad discretion in determining whether parties may proceed anonymously. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Although the "normal presumption is for parties to use their real names," *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010), special circumstances may warrant anonymity, such as claims that involve "sensitive and

highly personal issues[,]" *Advanced Textile Corp.*, 214 F.3d at 1068. A party may proceed anonymously if "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068.

Here, Plaintiff may proceed anonymously. Plaintiff bases his motion on the risk of harm to him and his family if their participation in the instant case becomes known to the Pakistani Taliban. (Doc. No. 2 at 4.) Plaintiff has attested that as members of the Shi'ite minority in Pakistan, he and his family members are at risk of being targeted by the Taliban and other armed sectarian groups. (*Id.*) Based on Plaintiff's arguments in his motion, these concerns sufficiently warrant anonymity. And since Defendants have not objected or shown otherwise, the Court finds no reason to deny Plaintiff's request. *See Doe v. Samuel Merritt Univ.*, No. C-13-00007 JSC, 2013 WL 12386844, at *2 (N.D. Cal. Apr. 25, 2013) (finding that the plaintiff may "proceed under a fictitious name, considering that neither Defendant nor any non-party has objected to Plaintiff proceeding anonymously."). The fears here appear reasonable, and nothing in the record suggests the contrary.

Furthermore, granting the motion to proceed anonymously would cause little, if any, prejudice to Defendants, and the public interest does not weigh in favor of disclosure. First, Plaintiff does not seek to conceal his identity from Defendants or the Court in filing this lawsuit. (Doc. No. 2 at 5.) This reduces, if not eliminates, any prejudice to Defendants since they will know Plaintiff's name and any necessary information to respond to Plaintiff's claims. *See Al Otro Lado, Inc. v. Nielsen*, No. 17-CV-02366-BAS-KSC, 2017 WL 6541446, at *6 (S.D. Cal. Dec. 20, 2017) (finding the defendants suffered no prejudice because the defendants would know the plaintiffs' true identities due to an agreement that plaintiffs provide defendants their true names). Second, the public interest does not require Plaintiff to disclose his true identity. Although the public has an interest in open judicial proceedings, "[p]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) Here, Plaintiff's name and identity do not affect the resolution of the legal claims in

this case to promptly adjudicate his family reunification applications, "which will be in full view of the public." *Nielsen*, 2017 WL 6541446, at *6. The Court therefore **GRANTS** Plaintiff's Motion to Proceed Under Pseudonym.

**IT IS SO ORDERED.**

Dated: September 25, 2023

Hon. Anthony J. Battaglia
United States District Judge